# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTONIO ALFORD,**

    **Petitioner,**

**v.**                                                                 **Civil Action No. 1:09cv93**
                                                                                     **(Judge Keeley)**

**JAMES N. CROSS, Warden,**

    **Respondent.**

## ROSEBORO NOTICE

On October 27, 2009, the respondent filed a Motion to Dismiss and Response to Show Cause Order. Because the petitioner is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file responsive material, and to alert him to the fact that his failure to respond could result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the petition to be true, and construing the allegations in the light most favorable to the petitioner, it is clear, as a matter of law, that no relief could be granted. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

When a motion to dismiss is accompanied by affidavits, exhibits and other documents, the motion will be construed as a motion for summary judgment. Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

law." Fed.R.Civ.P. 56(c). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322.

When a moving party supports its Rule 56 motion with affidavits and other materials, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted).

Therefore, within **thirty (30) days** from the date of this Order, the petitioner shall file any opposition he has to the respondents' motion, explaining why his case should not be dismissed. Petitioner must serve the respondent with any response he files.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet, and to counsel of record via electronic means.

DATED: October 28, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE