IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTONIO ALFORD,**

    **Petitioner,**

v. // CIVIL ACTION NO. 1:09CV93
                     (Judge Keeley)

**JAMES CROSS, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

Pending before the Court is the Opinion/Report and Recommendation ("R&R") (dkt. no. 27) of United States Magistrate Judge John S. Kaull dated January 4, 2010. The pro se plaintiff, Antonio Alford ("Alford"), filed objections to the R&R on February 1, 2010 (dkt. no. 29). For the reasons that follow, the Court **ADOPTS** Magistrate Judge Kaull's R&R, **GRANTS** respondent's Motion to Dismiss (dkt. no. 21), and **DISMISSES** Alford's petition **WITH PREJUDICE**.

### I. BACKGROUND

Pursuant to 28 U.S.C. § 2241, Alford filed a petition for writ of habeas corpus ("the petition") on July 7, 2009, in which he

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

challenged the calculation of his federal sentence.[1] In his petition Alford asserts: 1) that he was deprived of counsel in his state court cases, SU-94-CR-6055 and SU-08-CR-1041; 2) that his federal sentence was erroneously enhanced by state court case SU-08-CR-42, in which the accused was Jerry Tarver, not Alford; 3) that, in calculating his sentence, the federal court improperly "double-counted" his two related state convictions; and 4) that the adjudication of his guilt in his state court case, number SU-96-CR-1120-8, followed a plea of nolo contendre.

In accordance with Local Rule of Prisoner Litigation 72.01 and Local Standing Order No. 2, Magistrate Judge Kaull reviewed the petition and directed the respondent, James N. Cross ("Cross"), Warden of United States Penitentiary Hazelton, to answer it. (dkt.

---

[1] Although it appears that Alford is no longer incarcerated as a federal inmate (dkt. no. 30), the Court may properly rule on the merits of his pending motion because of the collateral consequences that may attach from his conviction and incarceration. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (holding that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application."). Such collateral consequences include "the possibility that the conviction would be used to impeach testimony he might give in a future proceeding and the possibility that it would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future." Evitts v. Lucey, 469 U.S. 387, 391 n.4 (1985).

**ALFORD V. CROSS** 1:09CV93

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

no. 15). On October 27, 2009, Cross responded by filing a "Motion to Dismiss and Response to Show Cause Order." (dkt. no. 21), following which, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), Magistrate Judge Kaull served notice on Alford to file a timely reply to Cross's motion or risk having his case dismissed (dkt. no. 23). On November 12, 2009, Alford filed a response to Cross's motion (dkt. no. 25).

On January 4, 2010, Magistrate Judge Kaull issued an R&R recommending that the Court grant Cross's motion and dismiss Alford's case with prejudice. In the R&R, Magistrate Judge Kaull determined that Alford had improperly filed his petition under § 2241, because the claims he raises attack his conviction and sentence and would be properly raised by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Additionally, Magistrate Judge Kaull found that Alford had failed to demonstrate that § 2255 provided an inadequate or ineffective remedy to his claims under the test enunciated in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The R&R informed Alford that he needed to file any objections within ten days of receiving the R&R and that, pursuant to 28 U.S.C. § 636(b)(1), a failure to timely object would result in the waiver of his right to appeal from a judgment based on its

**ALFORD V. CROSS**                                            1:09CV93

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

recommendations. On February 1, 2010, Alford filed timely objections to the R&R. (dkt. no. 29).

## II. STANDARD OF REVIEW

When considering a magistrate judge's R&R, a court should conduct a de novo review of any portion of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which the petitioner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the Court will address only those portions of the R&R to which Alford has specifically objected.

## III. ANALYSIS

Alford objects to Magistrate Judge Kaull's conclusion that 28 U.S.C. § 2241 is not the proper method by which to attack the calculation of his sentence. He also argues that there is newly discovered evidence that he has never presented to any federal court.

Collateral attacks on the manner of execution of a sentence are properly raised in a petition filed pursuant to 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5. (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Attacks on the validity of a conviction or sentence, however, must

4

**ALFORD V. CROSS**                                                1:09CV93

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

be raised pursuant to 28 U.S.C. § 2255. <u>Vial</u>, 115 F.3d at 1194. If a § 2241 petition challenges a federal conviction or sentence, a court must construe it as a § 2255 motion unless § 2255 proves to be inadequate or ineffective to test the legality of the detention. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877-78 (5th Cir. 2000). In that situation, a prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Vial</u>, 115 F.3d at 1194.

The United States Court of Appeals for the Fourth Circuit has held that a petition filed pursuant to § 2255 will be inadequate and ineffective to test a conviction's length only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333-34. Section 2255, however, does not become an inadequate or ineffective remedy simply because relief has become unavailable due to a limitation bar, a prohibition against successive petitions, or a procedural bar for failure to raise the issue on direct appeal. <u>Vial</u>, 115 F.3d at 1194.

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION TO DISMISS [DKT. NO. 21], AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

Here, Alford challenges the constitutionality of his prior state convictions and their use in the calculation of his guideline range and length of sentence for his federal bank robbery conviction. His petition therefore clearly constitutes a collateral attack on his sentence. Under Jones, however, he has not shown that a § 2255 motion is an inadequate or ineffective vehicle by which to test the legality of his sentence. 226 F.3d at 333-334. More specifically, he has not provided any evidence or offered any argument that, subsequent to his "direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Id. As a result, Alford's § 2241 petition must be construed as a § 2255 motion.

When Alford's petition is so construed, it fails to afford him relief because it qualifies as a second or successive § 2255 motion, and Alford has not met the statutory requirements permitting him to file such a motion. See 28 U.S.C § 2255(h). Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient

6

**ALFORD V. CROSS**                                              1:09CV93

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

> to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). If the court finds that a § 2255 motion is a second or successive motion, and the petitioner did not obtain authorization from the appropriate circuit court of appeals to file a successive motion, the court is without authority to hear the petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

A review of the record in this case establishes that, after pleading guilty to bank robbery in violation of 18 U.S.C. § 2113, Alford was sentenced on November 18, 1999 to 144 months of incarceration followed by five years of supervised release. He appealed his conviction and sentence to the Eleventh Circuit Court of Appeals on November 30, 1999. See No. 99-14895-A (11th Cir. Nov. 30, 1999). That appeal raised claims of (1) ineffective assistance of counsel, (2) government breach of plea agreement, and

**ALFORD V. CROSS**                                                    **1:09CV93**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

---

(3) an erroneous sentence. The Eleventh Circuit denied his appeal on October 24, 2000.[2]

Following the denial of his direct appeal, Alford filed a motion pursuant to § 2255 in the United States District Court for the Northern District of Georgia, which had sentenced him in his underlying criminal case. That petition sought vacation of his sentence due to ineffective assistance of counsel, the government's breach of his plea agreement, and the defectiveness of the indictment. On April 17, 2003, the District Court denied Alford's motion on the merits. See No. 3:99CR6-3 (N.D. Ga. Apr. 17, 2003).

Alford then filed a state petition for a writ of habeas corpus with the Fulton Country Superior Court on August 26, 2003, challenging the constitutionality of two state criminal convictions that had been used by the District Court to determine his criminal history category and calculate the guideline range of his federal sentence. That motion again claimed that Alford's state convictions were unconstitutional. Specifically, he argued that they were unconstitutional because his attorney had not advised him of his rights before he tendered guilty pleas in cases SU-96-CR-1120, SC-

---

[2] According to the Eleventh Circuit's docket, Alford filed another appeal with that court on October 21, 2004, in which he filed a Motion for Certificate of Appealability to challenge his sentence. This motion was denied on Jul. 21, 2005. See No. 04-15432-G (11th Cir. Jul. 21, 2005).

**ALFORD V. CROSS**  1:09CV93

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

98-CR-1041, SU-95-CR-1086, SU-95-CR-707 and SU-98-CR-42, and because he had been denied counsel in SC-94-CR-6055, where he had proceeded pro se in a bench trial.

The Muscogee County Superior Court conducted an evidentiary hearing on Alford's state habeas petition on November 10, 2008, and concluded that each of Alford's pleas in the state criminal cases, except SU-98-CR-42, had been voluntary, knowing, and intelligently made, and that he had been cognizant of all his rights before waiving them by his guilty pleas. With regard to case number SC-94-CR-6055, the state court also determined that Alford was not required by law to have representation, nor was he required to waive any rights.

Additionally, the state court concluded that, in case number SU-98-CR-42, the accused was Jerry Tarver, not Alford, and that Alford therefore had no standing to challenge the constitutionality of that conviction. Based on these conclusions, the court denied Alford's petition for a writ of habeas corpus.

As to this latter conviction, however, this Court note that a copy of the Judgment in SU-98-CR-42 establishes beyond doubt that Alford was the accused in that case.[3] Accordingly, given that the

---

[3] See (dkt. no. 22-4) (listing the defendant in SU-98-CR-42 as "Tony Gene Alford, Jr.," not "Jerry Tarver").

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION
TO DISMISS [DKT. NO. 21], AND DISMISSING
THE PETITION WITH PREJUDICE [DKT. NO. 1]**

Muscogee Superior Court's conclusion was premised on inaccurate information, Alford's contention that his conviction in SU-98-CR-42 was improperly considered by the sentencing court is without merit and does not constitute newly discovered evidence that would entitle him to pursue relief under § 2255. Moreover, even if the circumstances of Alford's conviction in SU-98-CR-42 did constitute newly discovered evidence, given Alford's prior petitions, this Court is without authority to consider Alford's present petition absent a certificate of appealability from an appropriate court of appeals.  See 28 U.S.C. §§ 2244(b)(3)(A); and 2255(h).

In light of Alford's previously filed petitions, all of which were decided on the merits, his current petition is clearly a successive or second motion as contemplated by 28 U.S.C. § 2255(h). As Alford has not received certification to file a second or successive appeal from the United States Court of Appeals for the Eleventh Circuit, this Court is without jurisdiction to consider his petition.  See 28 U.S.C. § 2255(h).

### IV. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's R&R (dkt. no. 27), **GRANTS** respondent's Motion to Dismiss (dkt. no. 21), and **DISMISSES** Alford's § 2241 petition **WITH PREJUDICE** from the active docket of the Court.

**ALFORD V. CROSS** 1:09CV93

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 27], GRANTING MOTION TO DISMISS [DKT. NO. 21], AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: May 7, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE